IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MARIE L. MITCHELL, ) | |
| RICK G. MITCHELL ) | |
| MICHELLE N. JACKSON ) | |
| CHRISTOPHER L. JACKSON, and ) | |
| A.J., a minor, by and through her parents and ) | |
| next friends Michelle Jackson and Christopher ) | |
| Jackson, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:18-cv-00515-DGK |
| ) | |
| GARY MIMS, ) | |
| HOGAN DEDICATED SERVICES, LLC, and ) | |
| HOGAN TRANSPORTS, INC., ) | |
| ) | |
| Defendants. ) | |

## **ORDER DENYING MOTION FOR CHANGE OF VENUE**

This case arises out of a motor vehicle collision in Boone County, Missouri. Plaintiffs allege that Defendant Gary Mims, an employee of Defendants Hogan Dedicated Services, LLC, and Hogan Transports, Inc., negligently drove his tractor-trailer combination into the rear of Plaintiffs' vehicle. Now before the Court is Defendants' Motion for Change of Venue (Doc. 5) from the Western Division to the Central Division of the United States District Court for the Western District of Missouri.

**Background**

On July 6, 2018, Plaintiffs filed their Complaint in the Western Division alleging proper jurisdiction pursuant to 28 U.S.C. § 1332 because complete diversity exists among the parties and because the matter in controversy exceeds $75,000 exclusive of interest and costs. Venue is proper in this Court under 28 U.S.C. §§ 1391(a)(1) or (a)(2) because Defendant Mims resides in the

District and a substantial part of the events giving rise to the claim occurred in the District. Divisional venue is proper in the Western Division since Defendant Mims resides within the Western Division. L. R. 3.2(b)(2). In response to Plaintiffs' Complaint, Defendants filed a Motion for Change of Venue (Doc. 5).

**Standard**

The statute governing transfer of venue, 28 U.S.C. § 1404(a), provides in relevant part that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." A change of venue is within the discretion of the district court, and should not be freely granted. *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997).

"In general, federal courts give considerable deference to a plaintiff's choice of forum and thus the party seeking transfer under section 1404(a) typically bears the burden of proving that transfer is warranted." *In re Apple, Inc.*, 602 F.3d 909, 913 (8th Cir. 2010). In making its determination, the court weighs a variety of factors, including the convenience of the witnesses; the convenience of the parties; the availability of the judicial process to compel the attendance of unwilling witnesses; governing law; ease of access to sources of proof; the possibility of delay or prejudice if the transfer is granted; and practical considerations determining where the case can be tried more expeditiously and inexpensively. *Houk v. Kimberly-Clark Corp.*, 613 F. Supp. 923, 927 (W.D. Mo. 1985). Where the balance of relevant factors is equal or weighs only slightly in favor of the movant, the motion to transfer should be denied. *Id.*

**Discussion**

The threshold question in deciding a motion to transfer venue is whether the proposed forum is one in which the action might have been brought. *Hoffman v. Blaski*, 363 U.S. 335, 344

(1960). Here, the action could have been brought in the Central Division pursuant to 28 U.S.C. § 1391(a)(2) and Local Rule 3.2(b)(2). But after reviewing whether the "convenience of the parties and witnesses" and "the interest of justice" support transferring the case to the Central Division, 28 U.S.C. § 1404(a), the Court finds that Defendants cannot meet their burden of proving that the balance of interests weighs heavily in favor of transfer.

**I.      The convenience factors do not favor transfer.**

The Eighth Circuit has elaborated on the convenience factors and considers the following when deciding a motion to transfer venue:

> (1) the convenience of the parties, (2) the convenience of the witnesses—including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, (3) the accessibility to records and documents, (4) the location where the conduct complained of occurred, and (5) the applicability of each forum state's substantive law.

*Terra Int'l, Inc.*, 119 F.3d at 696. A review of these factors indicates there will be no significant increase in convenience for the parties or the Court if the case is transferred to the Central Division.

First, the latter three factors have limited applicability here. Both parties agree that Missouri law applies regardless of where the case is heard. And even though the accident leading to Plaintiffs' cause of action occurred in the Central Division, this factor bears less on the propriety of transfer where transfer is sought from one venue to another within the same district. *See Simpkins v. Univ. of Kansas Hospital*, No. 2:16-CV-04009-NKL, 2016 WL 738229, at *3 (W.D. Mo. Feb. 23, 2016). Third, although Plaintiffs underwent some medical treatment in Boone County, Missouri, they have predominately been treated in Kansas and Colorado. Regardless, the Court gives little weight to the "shipping of records in this modern age." *11500, Ltd. Liab. Co. v. Cummings*, No. 08-6061–CV–SJ–FJG, 2008 WL 4681371, at *3 (W.D. Mo. Oct. 22, 2008).

Defendants' argument that the convenience-of-the-parties factor favors neither party and also has limited applicability is misplaced. Plaintiffs are residents of Kansas and Colorado. Defendant Mims resides within the Western District, and the other Defendants are located in St. Louis, Missouri. Admittedly, both parties will have to travel for trial regardless of this Court's decision. But were the Court to transfer this case, Plaintiffs would be required to travel farther than they otherwise would have. This factor, therefore, weighs against transfer because transferring would merely shift the inconvenience from Defendants to Plaintiffs. *Terra Int'l, Inc.*, 119 F.3d at 696 ("Merely shifting the inconvenience from one side to the other, however, obviously is not a permissible justification for a change of venue").

Further, Defendants allege key witnesses will benefit from a transfer to the Central Division. The convenience of witnesses is a primary factor in determining a motion to transfer. *Houk*, 613 F. Supp. at 928. "This factor involves not merely a consideration of the number of witnesses located in or near the respective forums, but the nature and quality of their testimony in relationship to the issues of the case." *Id*. As a result, the movant bears the burden of clearly specifying "key witnesses to be called" and "indicat[ing] what their testimony will entail." *Id*.

Attempting to satisfy this burden, Defendants identify a number of witnesses "likely" to be deemed material by listing their name, job title or description, and place of residence or business address (Doc. 6, p. 4). They allege four police officers from Columbia, Missouri, will be called to testify; three towing companies (two from Columbia and one from Belleville, Illinois); and two eye-witnesses – drivers of other vehicles involved in the crash – living within the Central Division. Defendants also allege Hogan employees will be called to testify, yet "Hogan has not yet identified which of its employees will be witnesses" (Doc. 6, p. 4). Defendants presume, in their reply brief,

4

that the Columbia officers will testify about the investigation; the tow truck witnesses will testify about the accident scene; and the two eye-witnesses will testify about the accident (Doc. 13, p. 4).

Plaintiffs counter that many of Defendants likely witnesses will not be relevant at trial because the contested issue will be damages and not liability. Therefore, Plaintiffs' argue, the testimony of their treating physicians – located in Kansas and Colorado – is more relevant to the trial, and it would be more convenient for them to travel to the Western Division. The Court is in a less advantageous position than the parties to assess the materiality of the witnesses, but nevertheless finds Defendants have failed to prove that transfer is justified for the convenience of the witnesses.

True, the witnesses identified by Defendants are located if not in, then within close proximity to, the Central Division. But the Western Division is only 150 miles from the Central Division, and all of Defendants' witnesses will be in reach of the Western Division's subpoena power. *See* Fed. R. Civ. P. 45(c)(3)(A)(ii). Moreover, other witnesses – Defendant Mims, Plaintiffs, and Plaintiffs' primary treating physicians – are not located within the Central Division and would incur additional burdens should this case be transferred. This factor, even considered in isolation, does not dictate that transfer is warranted. Defendants have failed to prove that the convenience factors weigh in favor of transfer.

**II.     The interests of justice does not favor transfer.**

After analyzing the convenience factors, the Court must determine whether the interest of justice is served by granting transfer. In determining whether transfer serves "the interest of justice" the Court looks to:

> (1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law.

5

*Terra Int'l, Inc.*, 119 F.3d at 696. The parties concede that only two factors are relevant to the present action: Plaintiffs' choice of forum and the comparative costs to the parties of litigating in each forum.

There is a strong presumption that Plaintiffs' choice of forum will not be disturbed. *See Houk*, 613 F. Supp. at 927 ("In any determination of a motion to transfer under §1404(a), the plaintiff's choice of forum is entitled to great weight, and will not lightly be disturbed.... [U]nless [the] balance is strongly in favor of the moving party, the plaintiff's choice of forum should not be disturbed."). Litigating this case in the Western Division will not be unduly burdensome for Defendants. Defendants will incur more expenses by trying the case in Kansas City, but were the Court to grant transfer, Plaintiffs too would incur further expenses by traveling farther than they otherwise would have.

Taking into account all of the factors, the Court concludes that transfer to the Central Division would, at best, slightly shift the inconvenience and burdens of litigation from Defendants to Plaintiffs. While the convenience of Defendants' likely witnesses would somewhat be better served in the Central Division, the other factors persuade the Court that transfer would not be in the interest of justice.

## Conclusion

Defendants have failed to make the showing necessary to disturb Plaintiffs' choice of forum. The motion to transfer venue (Doc. 5) is DENIED.

**IT IS SO ORDERED.**

DATE: December 14, 2018        /s/ Greg Kays
                               GREG KAYS, CHIEF JUDGE
                               UNITED STATES DISTRICT COURT