# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| MARIE L. MITCHELL, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 4:18-cv-00515-DGK |
| | ) |
| GARY MIMS, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER ON DISCOVERY DISPUTE

This case arises out of a motor vehicle collision in Boone County, Missouri. Plaintiffs allege Defendant Gary Mims ("Mims"), an employee of Defendants Hogan Dedicated Services, LLC, and Hogan Transports, Inc., ("Hogan Defendants") negligently drove his tractor-trailer combination into the rear of Plaintiffs' vehicle on I-70 highway. Plaintiffs claim the Hogan Defendants are vicariously liable for the acts of Mims, and that they negligently hired and retained Mims as a driver. Now before the Court is a discovery dispute regarding the disclosure of Mims' medical records, employment records, and driving records (Docs. 50, 55, 59, 61).

## Background

Plaintiffs' complaint alleges that on October 27, 2017, Mims negligently drove a commercial vehicle into the back of their vehicle, causing injuries. Plaintiffs also allege the Hogan Defendants negligently hired, retained, and monitored Mims and negligently entrusted him with the commercial vehicle. Mims timely answered and raised affirmative defenses, including contributory negligence.

As part of discovery, Plaintiffs served interrogatories and requests for production on Defendants. Defendants then served Objections and Responses on Plaintiffs. Defendants did not sign the Objections and Responses under oath, and their responses to Plaintiffs' interrogatories

simply referred Plaintiffs to Mims' deposition testimony or Defendants' Rule 26(a)(1) initial disclosures. Recognizing the inadequacy of these responses, Defendants agreed to sign their responses under oath, withdraw their references to other documents, and supplement all but one response:[1] Mims did not agree to provide Plaintiffs with a list of all the medical professionals that saw or treated him the five years preceding the accident.

Then, on January 15, 2019, Plaintiffs served fifteen subpoenas on Mims' former employers and medical providers, as well as one subpoena on the Missouri Driver's License Record Center. Defendants do not dispute that Mims' driving records are discoverable, but they contend Plaintiffs request is too broad. Defendants also claim the other fifteen subpoenas should be quashed because they contain privileged information.

The parties met and conferred but could not reach an agreement related to the disclosure of the medical and employment records or the scope of the driver's license inquiry. The parties have now submitted their briefing,[2] and the issues are ripe for ruling.

**Standard**

A district court has wide discretion in handling pretrial discovery matters. *Chavis Van & Storage of Myrtle Beach, Inc. v. United Van Lines, LLC*, 784 F.3d 1183, 1198 (8th Cir. 2015). A party generally may obtain discovery regarding any nonprivileged matter that is relevant to any claim or defense if it is proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Proportionality is weighed by considering "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources,

---

[1] This is hardly a concession. It is well established that a response to an interrogatory must be made under oath and "should be complete in itself and should not refer to other documents." *Budget Rent–A–Car of Mo., Inc. v. Hertz Corp.*, 55 F.R.D. 354, 356 (W.D. Mo. 1972).

[2] After reviewing the parties briefs, the Court canceled the teleconference, determining argument was not needed to resolve this dispute.

the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id*. "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* The rule requires a party objecting to discovery to show specifically how each discovery request is irrelevant or otherwise not subject to discovery. *See id*. at 33(b)(4), 34(b).

In a diversity case such as this one, the Court applies state privilege law, not federal law. *Baker v. Gen. Motors Corp.*, 209 F.3d 1051, 1053 (8th Cir. 2000)

**Discussion**

First, the Court must address whether Mims has standing to challenge subpoenas issued to third parties. Under Rule 45, a court "must quash or modify a subpoena that … requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(A)(iii). Parties have standing to object to subpoenas under Rule 45 when they have "some personal right or privilege with regard to the documents sought." 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2459 (3d ed.); *e.g., Enviropak Corp. v. Zenfinity Capital, LLC*, 2014 WL 4715384, at *4 (E.D. Mo. Sept. 22, 2014). Here, Mims has a personal right to his medical, employment, and driving records. Thus, he has the ability to object to the subpoenas seeking these records. The Court now turns to the substance of the parties' disputes.

Although both Plaintiffs and Defendants have discovery issues, all disputes relate to three main issues: 1) Mims' medical records, 2) Mims' employment records, and 3) Mims' driving record. The Court addresses each issue in turn.

**I.    Mims' medical records are privileged.**

As to Mims' medical records, Plaintiffs request this Court compel Mims to list his medical

3

providers for the last five years, while Defendants request the Court quash the subpoenas issued to Mims' medical providers.

Missouri recognizes a physician-patient privilege that applies to medical records and all aspects of discovery. *State ex rel. Dean v. Cunningham*, 182 S.W.3d 561, 563 (Mo. 2006). Where the defendant has not placed his medical condition in controversy, the physician-patient privilege is not waived. *Cerro Gordo Charity v. Fireman's Fund American Life Ins. Co*., 819 F.2d 1471, 1477-80 (8th Cir. 1987).

Mims alleges his medical records are protected by the physician-patient privilege, and because he has not put his medical condition at issue, the privilege is not waived. Plaintiffs acknowledge medical records are generally privileged, but argue Mims has put his medical condition at issue by making contradictory statements regarding whether he has undergone a sleep study, by exhibiting symptoms of a disqualifying condition, and by answering questions regarding his medical history.

Mims has not put his medical condition at issue simply by responding to deposition questions or invoking contributory negligence. *See State ex rel. Hayter v. Griffin*, 785 S.W.2d 590, 592 (Mo. Ct. App. 1990) (finding the defendant did not put his medical condition at issue by responding to deposition questions and invoking comparative negligence as a defense); *accord State ex rel. Stinson v. House*, 316 S.W.3d 915, 919 (Mo. 2010). And the two cases Plaintiffs cite do not support their argument that Mims has waived his privilege or put his medical condition at issue. *See Garrett v. Albright*, No. 2:06-CV-00785, 2008 WL 795627, at *2 (W.D. Mo. Mar. 21, 2008) (denying the defendant's motion to dismiss plaintiff's claims that the defendant driver was driving while impaired within the meaning of 49 C.F.R. § 392.3, the employers should be vicariously liable, and the employers breached various duties to prevent an unsafe driver from

causing the collision); *see also Parker v. Crete Carrier Corp.*, 158 F. Supp. 3d 813 (Neb. 2016) (finding that an employer did not violate the ADA when it required drivers with over 33 BMI to undergo a sleep study). Thus, Mims' medical records are protected by the physician-patient privilege, and Plaintiffs cannot, by virtue of their own claims, waive the privilege on his behalf. Mims does not assert damages or seek recovery for any physical or mental injuries. Nor has Mims claimed that he suffered a lapse of consciousness or other medical condition at the time of the accident. Plaintiffs also do not identify any specific medical issue Mims suffered from but speculate that he could have sleep apnea. This speculation is not grounds to go on a "fishing expedition" through Mims' entire medical history.

That said, Mims has made contradictory statements as to whether he had a sleep study prior to 2018. In July 2017, Mims indicated he had previously underwent a sleep study (Doc. 53-9), but at his deposition in January 2019, he testified the first sleep study he underwent was in December 2018 (Doc. 59-2 at 1-2). These inconsistencies put at issue Mims' prior history of sleep apnea, which is relevant to determining whether Mims was drowsy while driving. Thus, the Court will permit some limited discovery into Mims' medical history. Plaintiffs are entitled to discover whether Mims has had a sleep study within the five years preceding the accident, and if he has, they are entitled to the results of those studies.

Plaintiffs are also entitled to any medical examinations that Mims underwent for purposes of being medically qualified under the Federal Motor Care Safety Act. "The physician-patient privilege extends only to information acquired by the physician for the purposes of prescribing and treatment." *Griffin*, 785 S.W.2d at 595. Thus, any attempt to be certified as medically qualified under the Federal Motor Care Safety Act is discoverable. Mims must disclose to Plaintiffs any medical professional who examined him for the purpose of obtaining his commercial driver's

license within five years preceding the accident.

   II.     **Plaintiffs must narrow the time and scope of their request for employment records.**

Mims claims his employment records are not relevant, and even if they were relevant, they are privileged. Plaintiffs respond that his employment records are relevant to whether he was unfit to be a commercial driver and whether the Hogan Defendants were aware he was a risk.

Missouri recognizes a right of privacy in personnel records that is "fundamental" and should not be lightly disregarded or dismissed. *State ex rel. Delmar Gardens North Operating LLC v. Gaertner*, 239 S.W.3d 608, 611-612 (Mo. 2007). This does not mean that employment records are never discoverable; where the information is sufficiently related to the issues in the pleadings, employment records are discoverable. *Id*. A request for an entire personnel file, however, is overbroad. *Id*.

Here, Plaintiffs have requested from Mims' former employers the "complete and unedited employment file for Gary Mims including but not limited to the complete employment file, applications for employment, medical records, DOT physical and accompanying documents, driver's file, medical file and termination/separation records" (Doc. 42). Plaintiffs have not otherwise limited their requests in time or scope.

Plaintiffs are not entitled to Mims' "complete employment file." *See State ex rel. Madlock v. O'Malley*, 8 S.W.3d 890, 891 (Mo. banc 1999) (finding that a request for employment records that is not limited in time and scope should be denied); *accord, Crowe v. Booker Transp. Servs., Inc.*, No. 4:11-CV-690-FJG, 2013 WL 294184, at *3-4 (W.D. Mo. Jan. 30, 2013) (accord). But under the broad construction of relevancy in the discovery context, the Hogan Defendant's knowledge and handling of Mims' prior employment history is relevant to its hiring and retaining Mims. Thus, the following are discoverable: Mims' applications for employment, medical

6

records, DOT physical and accompanying documents, driver's file, medical file, and termination/separation records.

The Court is, however, concerned that some of Mims' prior employers may be too far removed in time to be relevant and proportional to the needs of Plaintiffs' claims. Therefore, the Court limits discovery into Mims' prior employment records to the last five years prior to his employment by the Hogan Defendants.

### III. Plaintiffs are entitled to Mims' driving record for the last five years.

Finally, Mims requests the Court limit the subpoena to the Missouri Driver's License Record Center to his commercial driving records from the five years preceding the accident because records older than five years and unrelated to his commercial driver's license have no relevance to the issues in this case. Plaintiffs argue Mims' entire driving record is relevant to their claims and for impeachment.

Here, Mims' driving records—both commercial and personal—are not privileged and certainly meet the low threshold for relevance; they are reasonably calculated to lead to the discovery of information relevant to the issue of liability. *See* Fed. R. Civ. P. 26(b)(1). Nevertheless, the older the driving records, the less relevance they have to the Defendants' conduct related to the 2017 accident. Thus, the Court limits Plaintiffs' discovery of Mims' driving records—both commercial and personal—to the five years preceding the accident.

### Conclusion

Accordingly, the Court ORDERS:

- Mims shall disclose to Plaintiffs any medical professional who examined him for the purpose of obtaining his commercial driver's license in the five years preceding the accident. He shall also disclose any sleep studies performed in the five years preceding the accident.

- Plaintiffs' subpoenas to Mims' medical providers are quashed to the extent they

were served on Mims' treatment doctors.  Plaintiffs are entitled to discover any sleep studies Mims underwent within the five years preceding the accident and any medical examinations that Mims underwent within five years preceding the accident for purposes of being medically qualified under the Federal Motor Care Safety Act.

- Plaintiffs' subpoenas to Mims' former employers are limited to employment records related to applications for employment, medical records, DOT physical and accompanying documents, driver's file, medical file, and termination/separation records for the five years prior to his employment by the Hogan Defendants.

- Plaintiffs' subpoenas to the Missouri Driver's License Record Center are limited to the five years preceding the accident.

To the extent that Mims is concerned with privacy, this Court has entered a Protective Order (Doc. 44) that Plaintiffs may use to protect Mims' privacy.  And, of course, just because any of the aforementioned documents are discoverable does not mean they will be admissible at trial.  The Court defers ruling on their admissibility.

**IT IS SO ORDERED.**

Date:  February 12, 2019           /s/ Greg Kays
                                    GREG KAYS, JUDGE
                                    UNITED STATES DISTRICT COURT